**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE REYES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITYWIDE SECURITY AND PRIVATE INVESTIGATION, INC.<br><br>Defendant. | Index No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, Katz Melinger PLLC and The Law Office of Christopher Q. Davis, PLLC, respectfully alleges as follows:

## NATURE OF ACTION

1. This is a collective and class action brought by individual representative Jose Reyes and all putative plaintiffs on their own behalf and on behalf of the proposed collectives and classes identified below. Plaintiffs were or are employed as hourly paid security guards by Defendant Citywide Security and Private Investigation, Inc. ("Defendant" or "CWSP") in New York during the relevant collective and class periods.

2. All Plaintiffs were specifically affected by an unlawful "time shaving" policy and practice, whereby Defendant manipulated the actual clock in and out times of the security guards in order to avoid paying them an overtime premium rate for all overtime hours worked, which Defendant knowingly suffered and permitted. Through this company-wide policy and practice, Defendant unlawfully denied Plaintiffs overtime premiums at a rate of at least 1.5 times the regular

rate for all hours worked over forty in a week, and engaged in recordkeeping practices that violated federal and/or state wage and hour laws.

3. Plaintiffs are all similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and the Federal Rule of Civil Procedure 23, and have suffered the same violations pursuant to Defendant's common policies and practices.

4. The proposed collective is made up of all persons who are or have been employed by Defendant in New York as security guards within the period of the past three years from this action's filing date through the date of the final disposition of this action (the "Collective Period") and who were subject to Defendant's unlawful and uniform time shaving policy and practice resulting in the failure to pay them overtime premiums for all hours worked over 40 during the Collective Period in violation of the FLSA (the "Collective Plaintiffs").

5. The proposed class is made up of all persons who are or have been employed by Defendant in New York as security guards within the period from November 23, 2022[1] through the date of the final disposition of this action (the "Class Period") and who were subject to Defendant's unlawful and uniform time shaving policy and practice resulting in the failure to pay them overtime premiums for all hours worked over 40 during the Class Period and the failure to provide them with accurate wage statements on each payday that include the information required by the New York Labor Law §§ 190 *et seq.* ("NYLL"), including the correct number of hours worked during the pay period (the "Class Plaintiffs")(Reyes, the Collective Plaintiffs, and the Class Plaintiffs are referred to collectively herein as "Plaintiffs").

---

[1] In an action entitled *Ebrianna Evans and Deandre Jiggets v. Citywide Security and Private Investigations, Inc*, Bronx County Index No. 801058/2003E, a class action was approved which provided Defendant a release of all claims for the period of time through November 22, 2022.

6. Plaintiffs seek relief for the Collective Plaintiffs under the FLSA and for the Class Plaintiffs under the NYLL to remedy Defendant's failure to pay all wages due and for recordkeeping failures, in addition to injunctive relief.

**PARTIES**

7. Individual and representative Plaintiff Jose Reyes is a former hourly security guard employed by Defendant CWPS from January 2024 until October 18, 2024.

8. At all relevant times, Mr. Reyes resided in Brooklyn, New York.

9. At all relevant times, Plaintiff Reyes was an "employee" within the meaning of all applicable statutes, including the FLSA and NYLL.

10. Defendant CWPS is a corporation incorporated under the laws of the State of New York and registered to do business as a domestic business corporation in the State of New York.

11. Defendant CWPS provides security services across various sites ranging from hospitals, constructions sites, homeless shelters, and schools.

12. Defendant maintains its principal place of business at 1279 50th St, Brooklyn, New York, 11219.

13. Upon information and belief, CWPS has an annual gross revenue in excess of $500,000.

14. At all relevant times herein, Defendant met the definition of "employer" of Plaintiffs under all applicable statutes, including the FLSA and NYLL.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

16. Specifically, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 207, *et seq.*

17. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

18. Venue is proper in the United States District Court, Eastern District of New York pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims that are the subject of this action occurred in this District.

19. This Court has personal jurisdiction over Defendant because it is a domestic corporation with headquarters in New York, has substantial operations in New York, and routinely transacts business in New York.

**WAGE AND HOUR FLSA COLLECTIVE ALLEGATIONS**

20. Reyes brings FLSA claims on behalf of himself and other employees similarly situated as authorized under 29 U.S.C. § 216(b). The employees similarly situated as Collective Plaintiffs are:

> **FLSA Overtime Collective**: All persons who are or have been employed by Defendant as hourly security guards in New York within the period of the past three years prior to this action's filing date through the date of the final disposition of this action who worked over forty hours in at least one workweek during the Collective Period and who were subject to Defendant's failure to pay lawful overtime premiums for all hours worked over forty during a workweek based on the uniform policies and practices alleged herein.

21. Defendant employed Plaintiff Reyes and the Collective Plaintiffs and paid them an hourly wage rather than a salary, classifying them as nonexempt during the Collective Period.

22. Plaintiff Reyes began his employment with Defendant as a security guard patrolling various locations near East 12th Street and Kings Highway in Brooklyn, New York.

23. Mr. Reyes' rate of pay was $24.00 per hour.

24. His overtime rate of pay was $36.00 per hour.

25. Defendant paid Mr. Reyes on a weekly basis.

26. Mr. Reyes' job duties as a security guard including patrolling the site, maintaining a log of when shelter residents entered and left, and recording any curfew violations.

27. Upon information and belief, at only the location to which Mr. Reyes was assigned, Defendant employs approximately ten security guards at any one time, and there are at least three other sites in the Bronx at which Defendant employs approximately another ten to twenty security guards each at any one time.

28. Defendant utilizes timekeeping software called "Fingercheck" that tracks employees' work hours through employees' biometric fingerprints at the start and end times for each shift.

29. Security guards are expected to clock in and out for their shifts with their fingerprints using a machine at their respective worksite.

30. However Defendant would require the security guards to clock out after a few hours and keep working "off the clock" afterwards.

31. Throughout his employment, Mr. Reyes worked at least five days a week for 40 hours each workweek.

32. Mr. Reyes frequently worked more than 40 hours in a workweek, but Defendant failed to compensate him at the required overtime rate for all hours worked in excess of 40 per week.

32. Mr. Reyes was regularly scheduled to work from 5:00 p.m. to at least 2:00 a.m. six days per week, Monday through Saturday. However, many days he worked as late as 5:00 a.m. and he also often worked on Sundays.

33. Accordingly, Mr. Reyes worked 25 to 40 hours of overtime each week and was not compensated for all of that time at an overtime premium rate. Instead, Mr. Reyes' pay would only reflect the hours that Defendant allowed him to enter in the Fingercheck system.

34. Mr. Reyes was paid partially by Zelle for reimbursement of some gas expenses, partially in cash of approximately $600 per week, and partially by check in the gross amount of, on average, approximately $600 each week. In total, Mr. Reyes would normally receive approximately $1200 per week in pay.

35. Thus, the actual number of hours worked is not accurately reflected on his pay records and payments.

## WAGE AND HOUR CLASS ALLEGATIONS

36. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class (the "Proposed Classes"):

> **NYLL Overtime Class**: All persons who are or have been employed by Defendant as hourly security guards in New York within the period of the past six years prior to this action's filing date through the date of the final disposition of this action, who worked more than forty hours in at least one workweek during the Class Period and who were subject to Defendant's failure to pay lawful overtime premiums for all hours worked over forty during a workweek based on the uniform policy and practices alleged herein.
>
> **NYLL WTPA Class**: All persons who are or have been employed by Defendant as hourly security guards in New York within the period of six years prior to this action's filing date through the date of the final disposition of this action, who worked at least one workweek during the Class Period and were subject to Defendant's common policy and practice of not providing lawful pay statements in violation of the NYLL.

37. Plaintiff incorporates by reference the facts alleged in the preceding paragraphs.

38. Numerosity: The Proposed Classes are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant

time period, Defendant employed ***at least*** forty people who satisfy the definitions of the Proposed Classes.

39. Typicality: Plaintiff's claims are typical of the members of the Proposed Classes. Plaintiff is informed by other putative Collective Plaintiffs and Class Plaintiffs that they were subject to the aforementioned unlawful policies during the Collective and Class Periods. Plaintiff was compensated in the same manner as all other security guards. All Plaintiffs were subject to Defendant's unlawful policies and practices as alleged more fully above, including failing to uniformly pay lawful overtime premiums for all hours worked in excess of forty per week during their employment period.

40. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. Adequacy: Plaintiff will fairly and adequately protect the interests of the Proposed Classes, and has retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

42. Commonality: Common questions of law and fact exist to all members of the Proposed Classes and predominate over any questions solely affecting individual members of the Proposed Classes, including but not limited to:

a. Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the Proposed Classes in violation of NYLL;
b. Whether Defendant maintained lawful wage and hour records under the NYLL;
c. Whether Defendant employed Plaintiff and the Proposed Classes within the meaning of New York law;
d. Whether Defendant's actions were "willful" under the NYLL.

43. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Proposed Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for

Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

44. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Classes predominate over any questions affecting only individual members of the Proposed Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Proposed Classes the wages to which they are entitled. The damages suffered by the individual members of the Proposed Classes are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

45. Plaintiff intends to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and addresses of the Proposed Class will be available from Defendant.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act: Unpaid Overtime Wages)**

46. Plaintiff repeats and re-alleges each and every one of the above-referenced allegations as if fully set forth herein.

47. At all relevant times, Defendant constitutes an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendant has employed and continue to employ employees, including Plaintiff and the Collective Plaintiffs.

48. At all relevant times, upon information and belief, Defendant's gross revenue has exceeded $500,000.00.

49. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per week.

50. During their employment with Defendant, within the applicable statute of limitations, Plaintiff and the Collective Plaintiffs worked in excess of forty hours per week without overtime compensation.

51. Despite the hours worked by Plaintiff and the Collective Plaintiffs, Defendant willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them overtime compensation.

52. Based on the policies and practices articulated above, Plaintiff and the Collective Plaintiffs were uniformly denied FLSA mandated overtime premiums.

53. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Plaintiffs, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA.

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

55. Because Defendant's violations of the FLSA were willful, a three-year statute of limitation applies. 29 U.S.C § 255.

56. Due to Defendant's violation of the NYLL, Plaintiff and the Collective Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(New York Labor Law: Unpaid Overtime Wages)**

57. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

58. At all relevant times, Plaintiff was an employee and Defendant has been an employer within the meaning of the New York Labor Law.

59. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant.

60. Defendant failed to pay Plaintiff and the Class Plaintiffs the overtime wages to which they are entitled to under the New York Labor Law.

61. By Defendant's failure to pay Plaintiff and the Class Plaintiffs premium overtime wages for hours worked in excess of forty hours per week, it has willfully within the meaning of N.Y. Lab. Law § 663 violated the N.Y. Lab. Law Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

62. Furthermore, Defendant has violated NYCRR 142-2.2 and NYLL §§ 191 and 193 by failing to pay Plaintiff and the Class Plaintiffs at least one and one-half times their regular rate of pay for all hours worked over forty in any week during the Class Period.

63. Due to Defendant's violation of the NYLL, Plaintiff and the Class Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(New York Labor Law: Failure to Furnish Accurate Wage Statements)**

64. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

65. At all relevant times, Plaintiff and the Class Plaintiffs were employees, and Defendant has been an employer within the meaning of the NYLL.

66. The recordkeeping provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant.

67. NYLL §195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria required under the NYLL.

68. Defendant did not provide Plaintiff and the Class Plaintiffs with a legally sufficient wage statement upon the payment of wages, as required by NYLL § 195(3).

69. As a result of Defendant's unlawful conduct, Plaintiff and the Class Plaintiffs are entitled to an award of damages pursuant to NYLL § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs, respectfully requests that this Court:

A. Declare that this action may proceed as a collective action pursuant to 29 U.S.C. 216 and a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B. Declare that Defendant has violated the Federal Fair Labor Standards Act as to Plaintiff and the Collective Plaintiffs;

C. Declare that Defendant violated the provisions of the New York Labor Law as to

Plaintiff and the Class Plaintiffs;

D. Declare that Defendant's violations as described above are found to be willful;

E. Award all Plaintiffs the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

F. Award reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

G. Enjoin Defendant to cease and desist from unlawful activities in violation of the FLSA and the NYLL; and

H. Grant all Plaintiffs such other and further relief, in law or equity, as this Court may deem appropriate and just.

[CONTINUED ON NEXT PAGE]

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff on behalf of himself and all other similarly situated persons demands a trial by jury as to all issues so triable.

DATED: August 13, 2025
New York, New York

Katz Melinger PLLC

Nicole Grunfeld

Kenneth J. Katz, Esq.
Nicole D. Grunfeld, Esq.
370 Lexington Avenue, Suite 1512
New York, New York 10017
T: (212) 460-0047
F: (212) 428-6811
kjkatz@katzmelinger.com
*Attorneys for Plaintiff and the Proposed Collective and Classes*

The Law Office of Christopher Q. Davis, PLLC

Christopher Q. Davis, Esq. (CD-7282)
80 Broad Street, Suite 703
New York, New York 10004
Telephone: (646) 430-7930
*Attorneys for Plaintiff and the Proposed Collective and Classes*